## PEOPLE v GALDONI

### OPINION OF THE COURT

1. CRIMINAL LAW—DOUBLE JEOPARDY—WAIVER—RECORD—SWORN AFFIDAVITS.

A defendant may be deemed to have waived his right not to be placed in double jeopardy where a review of the trial record reveals evidence which supports the prosecutor's claim that defendant waived his double jeopardy rights at a previous trial and where this evidence coupled with sworn affidavits signed by defendant's original counsel and the trial judge leads to the conclusion that defendant waived his double jeopardy rights.

### DISSENT BY R. M. MAHER, J.

2. CRIMINAL LAW—DOUBLE JEOPARDY—WAIVER—RECORD—CONSENT.

*A defendant's waiver of his double jeopardy rights must be placed on the record at the time he is first placed in jeopardy, when it is most germane to the proceedings; at that time there should be an affirmative showing on the record that the defendant himself consented to such waiver.*

3. CRIMINAL LAW—DOUBLE JEOPARDY—WAIVER—RECORD—AFFIDAVITS —TRANSCRIPTS.

*It is improper to manufacture a record from after-the-fact affidavits and from the transcript of a defendant's second trial in order to show that the defendant waived his protection against double jeopardy during his first trial where no record of such waiver appears on the record of the first trial; the proper record to which the court must look for such waiver is the record of the first proceeding where it is most appropriate.*

4. CRIMINAL LAW—DOUBLE JEOPARDY—WAIVER—BASIS—AFFIDAVITS— RECORD—PRIMARY CONTROL.

*Affidavits by a defendant's former attorney and the judge at his first trial are an invalid basis on which to base a finding that a waiver of the defendant's right against double jeopardy was on*

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law §§ 473, 475–477.

*the record and are insufficient to support a finding of waiver at all where the affidavits allege an in-chambers waiver and do not state that defendant was present, and where the affidavits do not disclose that defendant retained primary control over the course to be followed or disclose a personal manifestation by defendant that he consented to a waiver of the protection against double jeopardy.*

Appeal from Livingston, Bert M. Hensick, J. Submitted October 4, 1977, at Lansing. (Docket Nos. 30851, 30852.) Decided March 6, 1978.

Gerald G. Galdoni was convicted of breaking and entering an occupied dwelling with intent to commit larceny and with felonious assault. Defendant appealed. Reversed (unpublished per curiam opinion). The Court of Appeals granted the people's motion for a rehearing. On rehearing, defendant's convictions are affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frank R. Del-Vero,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, by *Mark I. Leach,* Assistant Attorney General) for the people.

*John S. Lobur,* for defendant.

Before: D. C. RILEY, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

J. H. GILLIS, J. Defendant was convicted by a jury of breaking and entering an occupied dwelling with intent to commit a larceny therein, contrary to MCLA 750.110; MSA 28.305, and felonious assault, contrary to MCLA 750.82; MSA 28.277.

Defendant was originally charged with a total of four counts, including the two referred to above. He was previously convicted in a bench trial of the second count, statutory rape, contrary to MCLA

750.520; MSA 28.788, and the third count, kidnapping, contrary to MCLA 750.349; MSA 28.581.

Defendant appealed to this Court as of right alleging five instances of error in respect to his later convictions. This Court, in an unpublished per curiam opinion, reversed his convictions concluding that defendant was subject to double jeopardy when he stood trial on the first and fourth counts nine months after being convicted on the second and third counts.

The prosecution alleged that defendant had waived his double jeopardy rights. However, this Court noted that no formal waiver appeared on the record, and, accordingly, concluded that defendant could properly raise the issue on appeal. Since the prosecution did not dispute defendant's arguments, the issue was decided in favor of defendant and his convictions were reversed.

Our second review of the record reveals evidence which supports the prosecution's claim that defendant waived his double jeopardy rights:

"*The Court:* Back on the record. Mr. Florey, you've indicated that you had a motion to make. You may proceed.

"*Mr. Florey:* [defendant's attorney] Actually, Your Honor, I have two. One is a motion that I might have properly made before, a motion to dismiss both of these charges under the double jeopardy ruling that the Michigan Supreme Court has made in *People v White* [390 Mich 245; 212 NW2d 222 (1973)], especially concerning the bringing and entering a charge, the Indictment. The Information in this case shows, alleges that the offense took place on September 15th, a time prior to that of two other offenses for which this defendant has been charged.

"*The Court:* Counsel, I don't want to interrupt you, and normally wouldn't, except that I think you'll find that your predecessor counsel, at the time of the previ-

ous non-jury trial, waived any objection that you might have had for not trying all of these cases together. I think the record would reflect that—I'm sorry. Neither one of you were present.

"*Mr. Florey:* No.

"*The Court:* But, I am reasonably certain we can check the record, if you choose.

"*Mr. Florey:* If that's true, of course, Your Honor, I wouldn't—

"*The Court:* Well, with that understanding and that belief of the Court, then I think your arguments would be wasted time. I understand your arguments and, quite honestly, if there were no waiver, and had not been a discussion between the Court and counsel concerning it, I would give serious consideration to an argument under *People v White,* but the three charges were made, the two trials here—the two charges here involved, I think, were specifically waived insofar as trial was concerned, so that they might be tried at a later date, and that was with the concurrence of Mr. Gladner for the prosecution and Mr. Goldstein for the defendant. We even have a different court reporter.

"*Mr. Florey:* Is Mr. Burchfield still here? He might remember that. Well, at any rate, Your Honor, it's either part of the record or it's not. I think you know the argument here is the same transaction.

"*The Court:* I'm sorry I interrupted you. You are certainly entitled to put it on the record.

"*Mr. Florey:* No, I just want to make sure that it is on the record should your memory not be absolutely correct.

"*The Court:* Very well.

"*Mr. Florey:* And I wouldn't be surprised if it wasn't under the circumstances.

\*     \*     \*

"*The Court:* I am certain in my own mind, without having any of the transcript before me, that the entire question of *People v White,* of speedy trial, of all of the rights of this defendant and Mr. Gembarowicz in connection with both of these items, were gone into by this Court and both attorneys, and in what they felt—and I'm speaking of the attorneys—was in the best interest

of their clients. They said, 'No, Judge, we don't want to try those other two cases until afterwards. We want to try the kidnapping/rape charges, and we'll see where we go from there.' I concurred in that decision, feeling that this was the right of the defendants, through their attorneys, and I've got to assume they discussed with the individual defendants, and thereby allowed only the kidnapping/rape charge to be tried."

This dialogue strongly suggests that defendant did in fact waive his double jeopardy rights.

This evidence coupled with sworn affidavits signed by defendant's original counsel and the trial judge leads us to the conclusion that defendant waived his double jeopardy rights.

Accordingly, defendant's convictions are affirmed.

D. C. RILEY, P. J., concurred.

R. M. MAHER, J. *(dissenting)*. On rehearing, I find no reason to reverse this panel's original decision. No waiver was placed on the record in this case. The prosecutor attempts to demonstrate that defendant waived his double jeopardy rights by submitting affidavits from defendant's former attorney and from the trial judge. Neither is the result of contemporaneous writings or notations by the party.

The people also submit and the majority cites a lengthy excerpt from the transcript of defendant's *second* trial, that for breaking and entering an occupied dwelling with intent to commit a larceny therein and for felonious assault. I need only repeat that the excerpt is from defendant's second trial to demonstrate its improper use here. The waiver must be on the record at the time it is most germane to the proceedings. That time was at defendant's first trial, when the trials for the various counts were severed. *At that time,* there should have been an affirmative showing *on the*

*record* that defendant consented. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976).

It is totally improper for the majority to say "the record * * * supports the prosecution's claim". It does not. The proper record to which we must look is the record of the first proceeding. As the trial court admits, no waiver was on that record. The majority's attempt to manufacture a record from after-the-fact affidavits and from the transcript of a second trial must be condemned as a subversion of defendant's right not to be placed twice in jeopardy. It is not too much to ask that the waiver be placed on the record at the appropriate time. This is what the law requires. *People v Alvin Johnson, supra.* The majority completely skirts this requirement and fashions a new and dangerous rule, heedless of defendant's rights. I cannot be so careless of his constitutional rights.

Moreover, I find the affidavits, assuming they could even be used, inadequate to support a finding that defendant himself waived his double jeopardy rights. The affidavits allege an in-chambers waiver and do not state that defendant was present. Nowhere does either affidavit disclose that defendant retained primary control over the course to be followed. See *United States v Dinitz,* 424 US 600; 96 S Ct 1075; 47 L Ed 2d 267 (1976). There is no showing that defendant did anything positive to indicate he was exercising that control. *People v Alvin Johnson, supra.* There is no disclosure of a personal manifestation by defendant that he consented to a waiver of the protection against double jeopardy. *People v Hoffman,* 81 Mich App 288; 265 NW2d 94 (1978) (MAHER, J., concurring). Not only are the affidavits an invalid basis on which to base a finding that the waiver was on the record, they are insufficient to support a finding of waiver at all.

I would reverse defendant's convictions.